UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAREN GRAY,

        Plaintiff,

        v.

COMMISSIONER of Social
Security,

        Defendant.

Civil No. 04-1823-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

      Plaintiff Karen Gray brings this action for judicial review of a final decision from

defendant Commissioner denying plaintiff's application for disability insurance benefits (DIB)

and Supplemental Security Income (SSI) payments.  Plaintiff filed an application for DIB on

1  - OPINION AND ORDER

March 20, 2001, and for SSI on March 27, 2002.  These applications were denied initially and

upon appeal, and plaintiff requested a hearing before an Administrative Law Judge (ALJ).  After

this hearing the ALJ issued a ruling concluding that, absent drug and/or alcohol abuse on the part

of plaintiff, she could perform work that existed in significant numbers in the national economy

and therefore was not entitled to DIB or SSI benefits.  This decision became the Commissioner's

final decision upon the Appeals Council's denial of review.  *See* 20 C.F.R. §§ 404.981, 416.1481,

422.210.  Plaintiff subsequently filed a Complaint seeking this court's judicial review.

## LEGAL STANDARDS

To establish an eligibility for benefits, a plaintiff bears the burden of proving an "inability

to engage in any substantial gainful activity (SGA) by reason of any medically determinable

physical or mental impairment which . . . has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner has

established a five-step sequential evaluation process for determining if a person is eligible for

benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen*, 882

F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the

claimant is so engaged, disability benefits are denied.  If not, the Commissioner proceeds to step

two and determines whether the claimant has a medical impairment that meets the regulatory

definition of "severe." 20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment,

disability benefits are denied.  20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to

determine whether the impairment is equivalent to one or more impairments that the

2  - OPINION AND ORDER

Commissioner has recognized to be so severe they are presumed to preclude SGA.  20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

The claimant bears the initial burden of establishing his or her disability.  In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner

3  - OPINION AND ORDER

meets this burden, the claimant must be deemed not disabled for purposes of determining

benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

A claimant may not be considered disabled if drug addiction or alcoholism (DAA) is

material to the claimant's disability.  42 U.S.C. § 423(d)(2)(C).  If the claimant is found to be

disabled and medical evidence of a substance abuse disorder exists, the Commissioner must

determine whether the claimant's DAA is a contributing factor material to the finding of

disability.  20 C.F.R. §§ 404.1535, 416.935; *see also Bustamante v. Massanari*, 262 F.3d 949,

954-55 (9th Cir. 2001).  Evidence of DAA is considered material if the claimant would not be

disabled if he or she stopped using alcohol or drugs.  20 C.F.R. §§ 404.1535(b), 416.935(b).  The

claimant bears the burden of showing that DAA does not materially contribute to his or her

disability.  *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995).  Substantial evidence is "more than a mere scintilla but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation

omitted).  This court must uphold the Commissioner's denial of benefits even if the evidence is

susceptible to more than one rational interpretation, as long as one of the interpretations supports

the decision of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation

omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted). However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

## SUMMARY OF ALJ'S FINDINGS

At step one of the five-step analysis used by the Commissioner, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 18, 28,[1] Finding 2.

At step two, the ALJ found that plaintiff had severe physical impairments including, in part, diabetes, an affective disorder (bipolar disorder), and an extensive history of drug and alcohol abuse. Tr. 18, 24, Finding 3.

At step three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment when considered in absence of her DAA. Tr. 30, Finding 3.

At step four, the ALJ found that plaintiff is unable to perform her past relevant work. The ALJ so found after determining that plaintiff has a RFC independent of substance abuse that

---

[1] Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

permits light work, and can sit, stand, or walk six hours in a day (avoiding hazards), and that

plaintiff can have limited interaction with the public, and should not perform activities requiring

fine visual acuity on a constant basis.  Tr. 22, 24, Finding 8.

When compromised by her DAA, plaintiff would miss two or more days of work per

month.  *Id.*

At step five, based in part upon the testimony of a Vocational Expert (VE), the ALJ

found that plaintiff could perform other work existing in significant numbers in the national

economy, such as working in such positions as an order filler, data entry clerk, or a sedentary

assembler.

If compromised by active DAA that caused plaintiff to miss two or more days a month,

the VE determined that plaintiff could not be employed successfully.  Tr. 23-25.

## FACTS

The relevant background has been presented thoroughly by the parties and in the ALJ's

decision.  Plaintiff has completed high school and two years of college.  Tr. 17, 84.  Past relevant

work included working as a secretary, accounting clerk, teaching assistant at high school, and a

salesperson for an insurance agent.  Tr. 79, 87, 93, 118-19.  More specific medical facts and

background will be addressed as necessary to the parties' remaining legal arguments.

## QUESTION PRESENTED

Plaintiff contends that this court should reverse and remand the Commissioner's final

decision for either further findings or for an award of benefits.  Primarily, plaintiff alleges errors

in the way in which the ALJ addressed medical evidence, evaluated plaintiff's DAA, disregarded

the effects of stress, plaintiff's medications, and obesity, and relied upon "vague" limitations in

developing hypothetical questions to the VE.  This court has examined each of plaintiff's

arguments, and concludes that the Commissioner's decision must be reversed and remanded for

further administrative proceedings.

## **DISCUSSION**

In concluding that plaintiff is not entitled to DIB and SSI benefits, the ALJ rejected some

opinions of medical personnel who treated or consulted with plaintiff.  Plaintiff assigns error to

the ALJ's analysis of opinions from Dr. Margaret Lackey, M.D., plaintiff's treating physician,

and Jane Starbird, Ph.D. and Tom M. Dooley, Psy.D., examining psychologists.

On March 12, 2001, Dr. Lackey diagnosed Bipolar Mood Disorder and reported that she

and plaintiff's "clinical team" concluded that plaintiff could not work for at least a year.  Tr. 209.

The ALJ rejected this medical opinion on grounds that (1) the ALJ viewed it as unsupported by

"objective findings," and (2) the ALJ concluded that Dr. Lackey apparently failed to "take

polysubstance abuse into consideration."  Tr. 21.

Doctor Lackey and the clinical team assisting plaintiff, including treating mental health

counselor Vicki Wolff, M.S.W., saw and treated plaintiff for nearly a year before Dr. Lackey

submitted her March 12, 2001, findings.  Those findings state explicitly that plaintiff had been

engaged in mental health services at Mt. Hood Community Mental Health Center, was treated by

Dr. Lackey every two months, and underwent individual therapy with Ms. Wolff on a weekly

basis.  Tr. 209.  The clinical team's observations and Dr. Lackey's evaluations constitute

objective evidence.  It is true that an ALJ may disregard a medical opinion, even the opinion of

an examining source, which is based on the self-reporting of a properly discredited claimant.

*Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  Such is not the case here.

Regardless of plaintiff's credibility, it is plain that Dr. Lackey's medical opinion was formed after extensive treatment and clinical observation.

Moreover, the ALJ's assumption that Dr. Lackey did not "appear to take polysubstance abuse into consideration" is speculative and an inadequate reason for rejecting Dr. Lackey's opinion. Tr. 21. If the ALJ's view was that Dr. Lackey and her team was unaware of plaintiff's DAA, that assumption was unfounded given the duration and thoroughness of the team's care for plaintiff, and the evidence in the record establishing that the team noted plaintiff's medication abuse. Tr. 224.

If, alternatively, the ALJ intended to suggest that Dr. Lackey's opinion should be discounted because it failed to take plaintiff's DAA into account when evaluating her employability, then the ALJ's reasoning appears to be based upon a presumed absence of evidence. The ALJ's uncertainty as to whether Dr. Lackey considered plaintiff's DAA in forming her medical opinion does not constitute grounds for dismissing that opinion – when an ALJ has inadequate evidence to determine disability, the ALJ is required to re-contact the medical source for additional information. 20 C.F.R. § 416.912(e). *See also Thomas*, 278 F.3d at 958 (the requirement for seeking additional information is triggered when evidence from a treating medical source is inadequate to make a determination as to a claimant's disability).

The ALJ also noted that Tom M. Dooley, Psy.D., evaluated plaintiff on May 22, 2002, and that plaintiff was diagnosed with polysubstance abuse, a bipolar disorder with manic phases, and personality disorders. Tr. 21. The ALJ acknowledged that the psychologist diagnosed "severe cognitive impairments," but then discounted this because Dr. Dooley surmised that these impairments "may be due to [plaintiff's] extensive prescription drug regimen." Tr. 21, 235-36.

8   - OPINION AND ORDER

While that may be true, the ALJ left unexplained the significance, if any, found in the possible

relationship between plaintiff's severe cognitive impairments, her need to take prescription

medication, and her employability.

Doctor Dooley's conclusions that plaintiff's "prognosis for future employment at this time

is poor," and his rating of plaintiff's Global Assessment of Functioning (GAF) as 45 are not

mentioned by the ALJ.  Similarly, the ALJ merely noted that Jane Starbird, Ph.D., performed a

"consultant psychological evaluation" of plaintiff on September 6, 2001, and did not comment

upon what defendant now acknowledges:  that this diagnosis also concluded that plaintiff had a

GAF of 45.  *See* Df.'s Memo. at 14, citing Tr. 179-84 (advising the court that a score of 45 means

"unable to keep a job").

In light of these circumstances, this court concludes that the ALJ has not yet fully

considered the medical opinions of record.  Accordingly, a remand is appropriate in this matter.

The United States Supreme Court has recognized two kinds of remands permitted under

42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-03 (1991).  A court may issue

what is referred to as a "sentence four" remand in instances in which the Commissioner has erred

in its prior consideration of the claimant's application for benefits.  *Flores v. Shalala*, 49 F.3d

562, 568 (9th Cir. 1995).  Under a "sentence six" remand, by contrast, the court may remand

without making a determination as to the "correctness of the Secretary's decision."  *Id*. (citing

*Melkonyan*, 501 U.S. at 100).

Whether to remand under sentence four is a matter of judicial discretion.  *Harman v.

Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000).  A remand for further proceedings is unnecessary if

the record is fully developed and it is clear from the record that the ALJ would be required to

9  - OPINION AND ORDER

award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id*.

The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman*, 211 F.3d at 1179. Where testimony from a VE has failed to address a claimant's limitations as defined by evidence that has been improperly discredited, remanding for further proceedings rather than for an award of benefits is often more appropriate. *Id*. at 1180.

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and this court exercises its discretion to remand this case for additional administrative proceedings addressing plaintiff's medical evidence and functional assessments. *Harman*, 211 F.3d at 1178.

Specifically, pursuant to this remand plaintiff and the Commissioner shall develop the record regarding the extent of plaintiff's impairments and the effect of her DAA. Upon remand, the ALJ is instructed to contact Dr. Margaret Lackey, M.D., and her clinical team to obtain updated medical records concerning plaintiff's treatment history and their consideration of the impact of plaintiff's DAA upon her disability. The ALJ shall also provide plaintiff an opportunity to submit additional medical evidence in support of her alleged medical limitations and the relevance of her DAA. Plaintiff shall be permitted to present witnesses again, or to refer

10 - OPINION AND ORDER

to and submit into the hearing record all testimony that has been presented already on her behalf.

Additionally, the ALJ shall give proper, full consideration to the opinions from Dr. Dooley and Jane Starbird, Ph.D., and address specifically the weight given to their opinions in the determination of plaintiff's DAA and possible eligibility for benefits.  The ALJ may request clarification of opinions and medical source statements about plaintiff's limitations, her DAA, and the effect of plaintiff's medications and their side effects.  In determining the significance of plaintiff's DAA, the ALJ is instructed to go beyond evaluating plaintiff's credibility and to address specifically plaintiff's impairments as they exist when plaintiff is sober.

In reassessing plaintiff's RFC, the ALJ shall provide appropriate analysis, with specific references to evidence in the record, regarding the Commissioner's assessments of plaintiff's limitations.  The limitations that are identified must be described specifically enough for a VE to meaningfully clarify the effect of the assessed limitations on plaintiff's occupational base.

## <u>CONCLUSION</u>

Based on the foregoing, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner regarding plaintiff Karen Gray must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this ___10___ day of January, 2007.

    ___/s/ ANCER L. HAGGERTY___
    ANCER L. HAGGERTY
    United States District Judge

11 - OPINION AND ORDER